```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALLY PROPERTIES, LLC,

  Plaintiff,

  v.

TRUCK INSURANCE EXCHANGE, a foreign corporation; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign corporation; and LEXINGTON INSURANCE COMPANY, a foreign corporation,

  Defendants.

Case No. C05-0254L

ORDER ON DALLY PROPERTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: COLLAPSE COVERAGE

This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment Against Truck Insurance for Collapse Coverage" (Dkt. # 45). Travelers Property Casualty Company of America ("Travelers"), Lexington Insurance Company ("Lexington") and Truck Insurance Exchange ("Truck") are being sued by Dally Properties, LLC ("Dally") for breach of insurance contract, bad faith claims handling, Consumer Protection Act Violations and attorney's fees. Dally now moves for summary judgment on the issue of collapse coverage in

ORDER ON DALLY PROPERTIES'
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: COLLAPSE
COVERAGE - 1

Truck's policy. The facts relevant to this claim that have been recited in other orders will not be repeated here.

### I. Discussion

**A.    Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the purpose of this motion, the Court will construe all facts in favor of Truck. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If Dally demonstrates the absence of a genuine issue of fact as to one or more of the essential elements of a claim or defense, Truck must make an affirmative showing on all matters placed at issue by the motion as to which Truck has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**B.    Ambiguous Insurance Policies**

Where insurance policies contain ambiguous terms or provisions, they are interpreted against the drafter. Nat'l Union Fire Ins. Co. v. Zuver, 110 Wn.2d 207, 210 (1988). A term is ambiguous if "it is fairly susceptible to two different interpretations, both of which are reasonable." McDonald v. State Farm Fire & Casualty Co., 119 Wn.2d 724, 733 (1992). Absent an explicit definition, the term "collapse" has been found to be ambiguous in insurance policies. See, e.g., Assurance Co. of Am. v. Wall & Assocs. LLC, 379 F.3d 557, 560–61 (9th Cir. 2004).

**C.    Washington Law on Collapse Coverage**

The Washington Supreme Court has not defined "collapse" for the purpose of insurance collapse coverage. See Wall, 379 F.3d at 561; Allstate Ins. Co. v. Forest Lynn Homeowners

ORDER ON DALLY PROPERTIES'
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: COLLAPSE
COVERAGE - 2

1  Ass'n, 892 F.Supp. 1310, 1312–13 (W.D.Wa. 1995) opinion withdrawn at 914 F.Supp. 408;[1] see
2  also Mercer Place Condo. v. State Farm, 104 Wn.App. 597, 628 & n.1 (2000).  The Ninth
3  Circuit pointed out in Wall, however, that the Washington Supreme Court has interpreted the
4  collapse provision providing coverage "'for risk of direct physical loss involving collapse'" as
5  "not limit[ing] coverage solely to damages resulting from an actual collapse."  Wall, 379 F.3d at
6  561 (citing policy).  The Wall court also relied on the Mercer decision, which favorably cites
7  Forest Lynn for Judge Rothstein's conclusion that "the Washington Supreme Court would find
8  the term 'collapse' to be ambiguous and would adopt the construction that the majority of courts
9  have placed upon the term 'collapse.'"  Wall, 379 F.3d at 561–62; Forest Lynn, 892 F.Supp. at
10 1314 ("Therefore, the court finds that coverage under the Collapse provision of the policy is
11 triggered by any substantial impairment of the structural integrity of a building.") (internal
12 quotations omitted).

13      As Truck correctly points out, the Wall opinion interpreted a provision that covered the
14 "*risk of* loss due to collapse," and therefore is not totally analogous to the instant case and,
15 furthermore, might imply that coverage—such as Truck's—which is limited just to "loss due to
16 collapse" (not risk of) might be less.  Truck's provision for additional coverage due to collapse
17 says "We will pay for direct physical loss or damage to Covered Property, caused by collapse of
18 a building or any part of a building insured under this policy . . . ."  Response at 2.  Under these
19 terms, Truck argues, the coverage is *at most* limited to the standard of "imminent collapse" used
20 in Wall.  Id. at 563.

21      The Court is satisfied that the Truck policy for the St. Theodore lacks guidance to aid the
22 reader in determining whether "collapse" is intended to mean only "actual collapse" or
23 something greater.  The Court is further satisfied, relying on the reasoning in Wall, Forest Lynn,

---

[1] The Court is unaware of a rule that prevents it from considering Judge Rothstein's reasoning from the Forest Lynn case.

ORDER ON DALLY PROPERTIES'
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: COLLAPSE
COVERAGE - 3

1 and <u>Mercer</u>, that the Washington Supreme Court would interpret "collapse" in this insurance
2 policy as meaning something greater than "actual collapse."

3       The parties do not seem to contest this approach. Rather, the parties dispute whether the
4 collapse coverage stops at structures facing imminent collapse or extends to structures suffering
5 substantial impairment of structural integrity. The issue was faced head-on in <u>Doheny West</u>
6 <u>Homeowners' Ass'n v. Am. Guarantee & Liability Ins. Co.</u>, 60 Cal.App.4th 400 (1997). In that
7 opinion, the California Court of Appeals determined that when considered in light of a policy's
8 exclusion of coverage for "settling, cracking, shrinkage, bulging or expansion," the collapse
9 coverage provision should not extend to substantial impairment of structural integrity. <u>Id</u>. at
10 405–06. The opinion implies, but does not state, that "settling, cracking, shrinkage, bulging or
11 expansion" must equate to substantial impairment of structural integrity, and that is why an
12 explicit exclusion of such events (settling, etc.) and an explicit inclusion substantial impairment
13 of structural integrity (through an expansive interpretation of collapse) would be contradictory.
14 <u>Id</u>. Notwithstanding Truck's assertions, Washington has not addressed this issue.

15       Truck incorrectly cites <u>Wall</u> for the proposition that the Ninth Circuit has held that
16 Washington law limits collapse coverage to actual and imminent collapse. Correctly interpreted,
17 <u>Wall</u> stands for the proposition that Washington law *does not limit* collapse to actual collapse.
18 The <u>Wall</u> opinion includes a discussion of imminent collapse not to the exclusion of collapse
19 coverage for structures with substantially impaired structural integrity, but rather because the
20 factual circumstances of <u>Wall</u> were limited to structures facing imminent collapse. <u>Wall</u>, 379
21 F.3d at 559 ("Wall sought [and was denied] coverage for collapse loss and described the cause
22 of the damage as 'deterioration of gypsum wall-board forming substrate of exterior wall system,
23 creating high risk of failure of structural support for brick facing.'"). To expand the implications
24 of the <u>Wall</u> holding to the exclusion of coverage for structures suffering substantial impairment
25 of structural integrity would stretch the holding beyond the facts of the case. Moreover, it would

26 ORDER ON DALLY PROPERTIES'
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: COLLAPSE
COVERAGE - 4

1 be unusual for a case that favorably cites Mercer and Forest Lynn to somehow stand for the
2 rejection their implications.
3     Truck's policy, like that in Doheny, contains an exclusion for "settling, cracking,
4 shrinking or expansion." Fletcher Decl. Ex. A at 25. Notwithstanding this similarity, the Court
5 does not perceive an inherent contradiction in a policy that covers substantial impairment of
6 structural integrity and contains this exclusion. The Court hereby concludes that the
7 Washington Supreme Court would adopt the majority view of "substantial impairment of
8 structural integrity" as the definition of collapse in this policy.

9 **D.    Collapse Under Dally's Policy**

10     The Court already has concluded that Dally has presented a reasonable interpretation of
11 the policy's collapse coverage that does not involve altering the text to omit the alleged typo.
12 See Fletcher Decl. Ex. A at 18 (policy section A.5.d.(1)(d)). Notwithstanding this
13 determination, there remains a jury question as to whether the efficient proximate cause of
14 Dally's loss was covered under the policy.

15                               **II.  Conclusion**

16     For the foregoing reasons, IT IS HEREBY ORDERED that Dally's motion for summary
17 judgment on the issue of collapse coverage is GRANTED as to the definition of collapse and the
18 interpretation of the collapse coverage provision, and DENIED as to its request for a finding of
19 coverage as a matter of law.

20
21     DATED this 5th day of April, 2006.
22
23                              _____
24                              Robert S. Lasnik
                                United States District Judge
25
26 ORDER ON DALLY PROPERTIES'
   MOTION FOR PARTIAL SUMMARY
   JUDGMENT RE: COLLAPSE
   COVERAGE - 5