UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALLY PROPERTIES, LLC,

    Plaintiff,

    v.

TRUCK INSURANCE EXCHANGE, a foreign corporation; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign corporation; and LEXINGTON INSURANCE COMPANY, a foreign corporation,

    Defendants.

Case No. C05-0254L

ORDER ON DALLY PROPERTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: WIND-DRIVEN RAIN

This matter comes before the Court on "Dally Properties Motion for Partial Summary Judgment Re: Wind-driven Rain" (Dkt. # 41). Travelers Property Casualty Company of America ("Travelers"), Lexington Insurance Company ("Lexington") and Truck Insurance Exchange ("Truck") are being sued by Dally Properties, LLC ("Dally") for breach of insurance contract, bad faith claims handling, Consumer Protection Act Violations and attorneys fees. Dally now moves for summary judgment on the issue of coverage in the policies for the peril of wind-driven rain. The facts relevant to this claim have been recited in other orders and will not

ORDER ON DALLY PROPERTIES'
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: WIND-DRIVEN RAIN- 1

be repeated here.

## I. Discussion

In previous orders, the Court has concluded that a combination of excluded and non-excluded perils played roles in Dally's alleged loss, and that Washington's efficient proximate cause rule precludes summary judgment on this question of material fact:

> 1. Truck: "Notwithstanding agreement as to the facts of the peril and loss, and even the sequence thereof, the efficient proximate cause rule requires the court to deny summary judgment and allow the jury to determine what peril was the efficient proximate cause of the loss." Order on Truck's Summary Judgment Motion at 7.
>
> 2. Travelers: "Nonetheless, the analysis must end, as it did in Sunbreaker, with the enumeration of several perils, several of which are excluded, but one which is not: collapse (excluded), weather conditions causing collapse (excluded), dry rot (excluded), wind-driven rain not causing collapse (not excluded)." Order on Travelers' Summary Judgment Motion at 8.
>
> 3. Lexington: "Because the loss was caused by a non-excluded peril (rain) and an excluded peril (defective construction), the Court must allow the trier of fact to determine the factual question of which peril was the efficient proximate cause of the loss." Order on Lexington's Summary Judgment Motion at 5.

Dally fails to present any arguments in the instant motion to alter the Court's prior conclusions.

## II. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Dally's motion for summary judgment is GRANTED as to whether wind-driven rain is a cognizable claim under each insurer's policy, and DENIED as to whether wind-driven rain was the efficient proximate cause of Dally's loss.

DATED this 5th day of April, 2006.

_MWT S Lasnik_
Robert S. Lasnik
United States District Judge