UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
DALLY PROPERTIES, LLC,              )
                                    )   No. C05-0254RSL
                    Plaintiff,      )
        v.                          )
                                    )   ORDER REMANDING ACTION AND
TRUCK INSURANCE EXCHANGE, *et al.*, )   GRANTING ATTORNEY'S FEES
                                    )
                    Defendants.     )
_____)

This matter comes before the Court on "Defendant Travelers' Motion to Remand for Lack of Subject Matter Jurisdiction." All parties agree that this case was improperly removed to federal court by defendant Truck Insurance Exchange. Contrary to plaintiff's allegations and Truck's initial admissions, Truck is not a "foreign corporation" but rather an unincorporated association enjoying citizenship in every state in which it has a subscriber, including Washington. Thus, there was no diversity of citizenship at the time of removal and the Court lacks subject matter jurisdiction over this matter.

The question is what to do now. The Court and the parties have spent a significant amount of time and resources on this case, resulting in a number of dispositive rulings interpreting the coverage provisions of the insurance contracts and evaluating the viability of plaintiff's claims. See Dkt. # 148-150, 152, 153, and 156. Upon remand for lack of subject matter jurisdiction these rulings will be unenforceable and a legal nullity. See Toumajian v.

Frailey, 135 F.3d 648, 652-53 (9th Cir. 1998) ("[T]he necessary and constitutional predicate for any decision is a determination that the court has jurisdiction – that is the power – to adjudicate the dispute. . . . If that power is missing, however, the court is not in a position to act and its decisions cannot generally be enforced."). Plaintiff and defendant Truck urge the Court to remand the entire case to state court in the interests of efficiency, consistency, and judicial economy. Defendant Travelers argues that it would be more efficient to remand only those claims against the non-diverse defendant, Truck, thereby leaving intact the rulings involving Travelers and co-defendant Lexington Insurance Company.

The Supreme Court has been willing to affirm a federal jury verdict where, after failing to remand an improperly removed case, the district court approved a settlement involving the non-diverse party such that the federal jurisdictional requirements were satisfied at the time judgment was entered. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 64 (1996). It is clear, however, that the district court's failure to remand a case improperly removed constitutes error. Caterpillar, 519 at 64, 70, 73. The Court sees no compelling reason to engage in knowing error in the circumstances presented here. All parties recognize that a remand of at least part of this case is necessary in any event and splitting the case as Travelers suggests raises the possibility of inconsistent contractual interpretations, two separate yet duplicative trials, and/or irreconcilable verdicts. The fact that the parties will have to relitigate issues already briefed and decided in this jurisdiction is regrettable, but some duplication is unavoidable insofar as plaintiff's claims against Truck must be remanded to state court. If, as all parties have suggested in their memoranda, concerns regarding efficiency and economy are paramount, the parties have it in their power to avoid the costs and delays that will necessarily arise from a remand by agreeing to be bound by this Court's decisions after returning to state court. While the Court strongly advises the parties to enter into such an agreement, it is without jurisdiction to order such a compromise as requested by defendant Truck.

ORDER REMANDING ACTION AND
GRANTING ATTORNEY'S FEES                    -2-

For all of the foregoing reasons, the above-captioned matter is hereby remanded to King County Superior Court.  Because removal of this case was wrong as a matter of fact and law, the Court finds that Truck lacked an objectively reasonable basis for the removal.  <u>Martin v. Franklin Capital Corp.</u>, __ U.S. __, 126 S. Ct. 704, 711 (2005).  No showing of bad faith is required and Truck's subjective belief that it was a citizen of California does not alter the fact that removal was not warranted by existing law or actual facts.  <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).  Pursuant to 28 U.S.C. § 1447(c), defendant Traveler's request for the costs and expenses, including attorney's fees, incurred in making its motion for remand is GRANTED.  Defendant Truck is therefore ordered to pay $4,572.00 to defendant Travelers within twenty days from the date of this Order.

DATED this 25th day of July, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REMANDING ACTION AND
GRANTING ATTORNEY'S FEES           -3-